# HENRY STANTON *versus* JOSEPH LORANGER

## November or December 1825

Charles Larned and Joseph W. Torrey, solicitors or of counsel for complainant.
Henry S. Cole, solicitor and of counsel for defendant.
B. F. H. Witherell and William Woodbridge, of counsel (?) for defendant.

## [JUDGE'S NOTES]

Staunton vs Laronger—

Bill filed 7 Nov[r] 1825. containing a prayer for an injunction ag[t] the def[t] to restrain him from Fishing in the Detroit river in front of his farm— alledging that he has an exclusive right to fish for and take all the Fish that may be found in front of his farm, to the center of the River— And that he make claim to the right he sets up as incident to his ownership of the farm which he holds, the Title whereof is derived under the Patent of the United States—

M[r] Cole

Statute of Terr[y] 300— Jurisdiction 2 Sess—. pa 82.—

M[r] Torry— That the right and interest claimed is appurtenant to granting the farm—

Anger on Water Courses— page 14. Fresh water rivers are prima facie of private prop[y]—

Idem page 1. Appendix— claims as owning the Land to the center of the River

Contends that the River Detroit is not in contemplation of the Law a navigable river—

That according to the Com Law doctrine of of freehold the fishing is appurtenant —to the Land—

M^r Larned—

That the grants of the Gov^r and Judges to the Lots in front of Detroit rest on their right over the Land as a grant to the old Town of Detroit &^c—

M^r Larned—

1 Madox 157— Interjunction to oblige a person to suffer the waters to flow freely to his neighbors mill

The statute gives no rights but simply gives a new remedy, accumulative

1 Madox 147—

In case of trespass amounting to waste, unless the title is in dispute, Courts will grant and injunction—

Has no remedy at Law as the def^t may prove insolvent—

M^r Cole—

Eden 233. An injunction— Ptff. must swear to his title— If the title appears doubtful the writ will be denied.—

3^d Jacobs L. Dic^ty 82— doctrine of fisheries—

The Gov^t have declared the streams navigable, which gives every citizen a right to use them &^c.

Palmer & others vs Muligan and others 3 Kains reports 307. Cited by Angel Kents opinion—

M^r Tory— read, that the Com. Law of England does not apply to our rivers as navigable— Apendix of Angel 94 5—

Carson vs Gleason— 2 Binney 475.— that Pennsylvania had not recognised the British Common law in relation to fisheries—

20 Johnston page 90 against the Bill—

M^r Witherll—

M^r Woodbridge—

Fletcher & Peck, a case made up between the parties to elicit the opinion of the Court—

That the def^ts opposition is not a plea, but a demurrer— and Contests the sufficiency of the Case to sustain the application—

The waters in England are not like the waters of this Ter^y— They have no great Lakes or Navigable Straights, connecting such lakes—

It is a casus omissus—

Eden 233 page— title must be clearly shewn—

An injunction might be granted to injoin a person from interfering and interrupting another using an incorporeal title or right—

## [OPINIONS]

### [I]
#### Staunton vs Leronger—
Cases relied on by Pltffs Counsel—

In the Case of Hooker and Cummings— Spencer in giving his opinion, assumed as facts—the following. Towit.

"That Salmon river is a fresh water River, and that there is no regular flux and efflux of the tide in it, that it is navigable only for Boats and small craft, and that it has all been granted by the State to private individuals"

Upon the above statement of facts Judge Spencer reasons—

If the case before the Court was a parralel one, as to facts, I should find no dificulty in forming my opinion  The reasoning of Judge Spencer on the facts he assumes is to me satisfactory—

But the facts assumed do not exist in the present Case, in particulars to my mind very essential  So far as that the Detroit River is fresh water, and that the Tide does not ebb and and flow in it, the Cases may be Considered alike— But that the Detroit River is not Navigable except for Boats and small Craft, And that it has all been granted, by the Sovereign Authority to individuals the facts are wholly dissimilar, and the reverse—

The River, or Straights of Detroit, are navigable for vessells of the Largest Class at all times when not impeded by Ice— And the United States have never granted the Bed of the River—

The argument of Judge Spencer, therefore cannot be applied in extenso to the present Case—

The Case cited from Connecticut, is predicated on the facts, that the sovereign authority had parted by grant, with the Bed of the River, and that the river, where the right of fishery was claimed, was not navigable, except for Boats and small crafts  It was in all its points a parrallel case put by Judge Spencer— And so far as the facts of the Case are disclosed I feel satisfied with the Conclusions of the Court and with the decision—

In respect to the Case decided in pennsylvania I am so far satisfied with it as it goes to establish the doctrine of the Common Law of England, when applied in this Country— That unless the facts and circumstances on which the principle is founded in England, exist in our Country, the principle itself as a Common Law principle, has no binding obligation— That where the reason fails the law ceases— I apprehend that the Susquehannah in Pennsylvania, at the point where the question arose, is not navigable with vessels of Large Burthen  It is navigable with Boats & small crafts only—

One of the reasons assig$^d$ why the Com. Law of England is inapplicable in that State, was that the rivers of the Two Countries varied essentially in their size— That in England above tide water the Rivers were small and only navigable for very small craft— But that in Penns$^a$ the rivers were large and navigable— Therefore the Com Law rule was not settled in reference to the latter discription of Rivers— Another point of was remarked on, as being absurd and inconsistent if the principle of the Com. Law should be strictly applied— That the right should extend to the Center of the river, a right, which the dissenting Judge said had never been Contend for, by those most Zealous to support the Com. Law— A right, if recognized, would carry along with it the Islands in the river—

If the reasonings above, had justly any weight in deciding the right to a fishery on the Susquehannah, they will be entitled to more weight in their application to the present Case—

The River Detroit, if it ought to pass by that name, is navigable for vessels of greater Burthen than the Susquehannah— and our Islands are much Larger—

Both the facts, therefore on which the Common law rule acts are wanting in the present Case— In the absence of those facts which are material, in applying the rule elsewhere How can it be shewn that it should govern the Court under the present Case— I am satisfied that the Common law rule is settled in England as stated at the Bar— And I find no reason to disapprove of the application of that rule in N. York and Connecticut as there recognized— The facts of the cases as reported fully warrant such application. But I discover nothing by which to suppose

that the Courts of either state would apply their doctrine to the question before this Court— On the Contrary Judge Spencer, in stating the Case has Cautiously avoided a similar question, anticipating that such a case might in N York

[II]

In the cases cited at the Bar in support of the Motion for an injunction agree in assigning Two material facts—

1st That the river where the privilege is Claimed to exist, is not navigable except for Boats and small craft—

2d That the Beds of the river over which the water flows, has been actually granted, by the sovereign authority, and that such lands over which the river flows, are private property—

The Common law rule Contended for rests wholly on those Two facts being made out at the trial—

The right may be prescribed for as a grant— Long usage being, as between individuals, evidence of the existence of a grant— But as agt Govt no length of time is sufft to establish such right An actual grant must be proved—

Let us now apply the facts to the present case— If they exist the case will fall within the Com Law rule— If on the Contrary they do not exist, the rule Cannot apply—

1st The river or straights of Detroit is a navigable stream, in the Broadest sense of that term— Ships of war of a Large Class, have and may again float upon its bosom— Such navigation exists at all times, when not obstructed by Ice—

2d The Government have not, as a fact, granted the Bed of the river, But have granted the use of the water passing over its Bed as a highway—

[III]

In England it is settled that all tide waters belong to the nation, and that fishing on them is a common right—

It appears that the crown may grant a several fishery on tide water, and by such grant abridge such common right— But in the latter case the grant must be proved as the presumption is against the existence of the grant— 6 Modern 73 & 74— Burrows 4 vol. page 2163.— 1st of Salkeld 357—

The Beds of the rivers above tide water, have been granted with a reservation, in favor of the Nation, of the use of the waters for purposes of Navigation— Such rivers are included in the grants of Land thro which they pass— and where the contrary is not shewn, the fishery is adjudged to belong to the persons whose lands bound on such rivers—

From the authorities used at the Bar, the law of England has been recognized in the states of Connecticut and New York— But in Pennsylvania, the doctrine has been rejected, as not applicable to the rivers that flow thru that state.

Judge Spencer in dilivering his opinion in the case cited, is cautious in stating the facts, in such a manner as to bring it within, the English definition, of a river, where a several fishery is recognized, and not to prejudge any question that might, arise on a different discription of waters, altho not tide waters— Nothing can be fairly deduced from his argument, that can be applied to the present case— The question was relative to the several right of fishery on the Salmon River a small river flowing into Lake Ontario, It is stated to be navigable for Boats & small crafts, only, and further that the state had actually granted the Bed of the river reserving the navigation thereof.

In the present case the Detroit River or straight, is a large Body of water, and navigable in the broadest sense of that term— And 2<sup>d</sup>ly The United States are still the proprietors of the Land over which the river flows, which they may or may not grant at a future day, subject to the grant of the waters already made as a highway—

The wide difference that exists in the Case before the Court, and the Cases Cited at the Bar, where exclusive fisheries have been recognized, cannot but be apparent—

The Bill does not set up a right to the fishery on the ground of a grant of the Land over which the river flows— It is not pretended that the Government have ever made such grant— It is claimed as incident to the grant of the land, which by the terms of the grant, is bounded by the river— Such I consider the doctrine, laid down by Judge Washington in the Case of Canfield vs Corral— The Grant covers nothing beyond its express terms— and as it is limited by the river detroit, it is bounded by the water edge— and no privilege can be claimed as appertaining to the grant, which is not embraced within the limits of the grant—

The privilege claimed is not within the express Boundary of the grant by the Petitions own shewing—

But admitting that the right contended for existed I do not think the Court would be warranted in allowing the writ— If the right exists, Major Staunton has an adequate remedy at law, by which he may maintain and defend his interest— If he can support his title an action of Trespass lies at Com. Law— And the statute gives a further remedy as a penalty—